**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BULMARIO TORRES, | ) NO. CV 19-4470-R(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| S. KERNAN, | ) |
| Respondent. | ) |

On May 15, 2019, Petitioner filed a "Petition for Writ of Habeas Corpus" in United States District Court for the Eastern District of California. The Petition, which has been transferred to this Court, seeks to challenge a 2001 Los Angeles County Superior Court criminal judgment (Petition, p. 2).

Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Torres v. Sherman, CV 17-2745-R(E). On October 25, 2017, this Court entered Judgment in Torres v. Sherman, CV 17-2745-R(E), denying and dismissing the prior petition on the merits with prejudice.

1  The Court must dismiss the present Petition in accordance with
2  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3  Effective Death Penalty Act of 1996"). Section 2244(b) requires that
4  a petitioner seeking to file a "second or successive" habeas petition
5  first obtain authorization from the Court of Appeals. See Burton v.
6  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
7  authorization from Court of Appeals before filing second or successive
8  petition, "the District Court was without jurisdiction to entertain
9  [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
10 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 requires the permission of the court of appeals before 'a second or
12 successive habeas application under § 2254' may be commenced"). A
13 petition need not be repetitive to be "second or successive," within
14 the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
15 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
16 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
17 Mar. 6, 2008). Petitioner evidently has not yet obtained
18 authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,
19 this Court cannot entertain the present Petition. See Burton v.
20 Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed.
21 App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
22 authorization from the Court of Appeals to file a second or successive
23 petition, "the district court lacks jurisdiction to consider the

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Bulmario Torres has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in the District Court.

2

petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 10, 2019.

_____
            MANUEL R. REAL
      UNITED STATES DISTRICT JUDGE

PRESENTED this 29th day of

May, 2019, by:


      /s/
   CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE